THE STATE v. TIMOTHY, Appellant.

Division Two, February 7, 1890.

1. Indictment: IMPERSONATING A VOTER AT AN ELECTION: BALLOT. In a prosecution against the defendant for impersonating a voter at an election the indictment used the word "ballot." The statute uses the words "ballot paper." *Held*, that the word "ballot" as used in the indictment means the same thing as "ballot paper" as used in the statute.

2. ———: STATUTE: SURPLUSAGE. Where the statute uses the words "ballot paper" in reference to elections, it will be held that the word "paper" is surplusage.

State v. Timothy.

*Appeal from St. Louis City Circuit Court.*—HON. WILLIAM ZACHRITZ, Judge.

AFFIRMED.

JOHN A. GERNEZ for appellant.

The indictment uses the word "ballot" and the statute the words "ballot paper." Appellant maintains that there is a vast and vital difference between these terms. That a distinct and particular meaning attaches to the statutory words "ballot paper," easily distinguished and differentiated from the term "ballot."

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

The indictment conforms to all the requirements of the statutes on the subject and is in all things sufficient.

BURGESS, J.—Defendant was convicted in the circuit court of the city of St. Louis, for attempting to vote at a city election held in said city on the sixth day of April, 1897, by personating one George Hoffman, and his punishment fixed at two years imprisonment in the penitentiary. He appealed.

No bill of exceptions was filed, and the only question raised in this court is as to the sufficiency of the indictment, which defendant insists is bad. Leaving off the formal parts, it is as follows:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that on the sixth day of April, one thousand eight hundred and ninety-seven, at the city of St. Louis, aforesaid, a general election was held pursuant to the constitution and laws of

the State of Missouri, and the scheme and charter of the city of St. Louis thereunder enacted, for the choice and election of certain municipal officers of said city, to wit,, mayor, comptroller, auditor, treasurer, register, collector, inspector of weights and measures, marshal, president of the board of assessors, president of the board of public improvements, president of the council, members of the city council, member of the house of delegates from each ward, and upon a proposition for increased tax for a free library building, and in each ward and precinct of the said city of St. Louis, aforesaid; that one George Hoffman was then and there and at the time a duly registered voter in said second precinct of the second ward, and duly entitled to cast a ballot for the officers and proposition to be voted upon at said election; that one Martin Timothy, on said sixth day of April, A. D. 1897, at the city of St. Louis, State of Missouri, aforesaid, did then and there appear at said polling place at number 11 Lucas avenue, of the second precinct of the second ward of said city of St. Louis, before the duly selected and qualified judges and clerks of election for said precinct of said ward, and knowing himself not to be the said George Hoffman, a legally qualified and registered voter as aforesaid, did then and there feloniously, fraudulently and willfully apply for a ballot in the name of some one other than himself, to wit, in the name of said George Hoffman, and then and there feloniously, willfully and fraudulently did attempt to personate the said George Hoffman, and feloniously, willfully and fraudulently to cast a ballot and vote at said election in the name and stead of the said George Hoffman; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

The indictment is bottomed upon the fifth section of "An act to prevent corrupt practices in elections," etc., Session Acts of 1893, page 157, which is as follows:

"Sec. 5. A person shall, for all purposes of this act, be deemed guilty of the offense of personation, who, at any election held pursuant to the laws of the State, applies for a ballot paper in the name of some other person, whether that name be that of a person living or dead, or of a fictitious person, or who, having voted once at any election, applies at the same election for a ballot paper in his own name or any other name," etc.

The contention is that as the indictment uses the word "ballot" and the statute the words "ballot paper" that there is a vast difference between them, and that in the use of the word "ballot" in the indictment no offense is charged.

This position seems to be extremely technical. One of the definitions of ballot given by Mr. Webster in the International Dictionary is: "Any printed or written ticket used in voting," and "ballot paper" can mean nothing more or less. They are used in the statute and indictment as synonymous terms, and as meaning one and the same thing.

The word paper when it follows immediately after the word ballot, thus "ballot paper," is surplusage and should be so regarded.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.